JUSTICE GRAY,
specially concurring.
¶77 I concur in the result the Court reaches. Indeed, I agree entirely with the first twenty paragraphs of the Court’s opinion and, most importantly, with the first sentence in ¶ 21.1 disagree strongly with the approach the Court utilizes thereafter in reaching its decision to reverse the District Court in this case.
¶78 As background, it is appropriate to observe that we decided Robbins on December 8,1998, little more than one year ago. There, we applied the “prejudicial error” standard for reversal set forth in § 46-20-701(1), MCA, and affirmed the district court, holding that Robbins failed to demonstrate prejudice affecting his substantial rights. Robbins, ¶¶ 52-53.
*388 ¶79 In the present case, the Court correctly notes that LaMere requests us to overrule Robbins on the sole basis that we failed to follow established precedent holding failure to substantially comply with statutory procedures governing jury selection per se reversible without any proof of prejudice. The Court also correctly notes that none of those pre-Robbins cases was decided in the context of § 46-20-701, MCA, Montana’s harmless error statute. Finally, and importantly, the Court states that “LaMere provides this Court with no convincing rationale as to why a statutory violation in the procurement of a trial jury should not be amenable to harmless error review pursuant to § 46-20-701, MCA.” I could not agree more.
¶80 Under that circumstance, it is my view that our duty is to apply § 46-20-701, MCA, and Robbins (with one qualification discussed below), and determine thereunder whether the trial court’s error here was harmless or whether LaMere established prejudice entitling him to a reversal and remand for a new trial. That approach comports with our general jurisprudential practice of deciding cases on the basis of the issues presented by the parties to the District Court and this Court and, following that approach, I would determine on the record before us that LaMere established sufficient prejudice to require a reversal and new trial.
¶81 Instead of doing so, the Court launches into a lengthy and scholarly discussion of questions of substantial magnitude which have never before been addressed in Montana. I do not necessarily disagree with many of the principles and much of the legal analysis presented. My concern, though, is that I am confident there are arguments to be made — arguments which may well be persuasive — on the other side of the propositions the Court champions. We have neither heard those arguments nor had an opportunity to hear them. They have not been presented to this Court for scrutiny or analysis. It is my view, oft-stated, that — absent some compelling reason such as a question of whether we have jurisdiction to entertain a case — we should not depart from the issues and arguments presented by the parties. It is unfair to the trial courts and, at some very basic level, it may well impinge on a party’s due process right to be heard.
¶82 Given the Court’s recognition that LaMere presents no convincing rationale as to why Robbins and § 46-20-701, MCA, should not be applied, it is incumbent on us to resolve this case accordingly. Perhaps the analysis presented in the Court’s opinion could be presented as a special concurring opinion, sowing the seed for a party to raise it in a *389 future case. Perhaps the entire “structural error” versus “trial error” question should simply be left to a case in which a party argues for it. In sweeping so wide — and so unnecessarily — as the Court does here, we ignore the parties and the trial court.
¶83 Perhaps more importantly, the Court has turned its back on the important doctrine of stare decisis without any reason whatsoever. Stare decisis means “to stand by things decided.” Black’s Law Dictionary 1414 (7th ed. 1999). It is of fundamental and central importance to the rule of law (Patterson v. McLean Credit Union (1989), 491 U.S. 164, 172, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132, 147 (citation omitted)), and there is no question but that “[v]ery weighty considerations underlie the principle that courts should not lightly overrule past decisions.” Moragne v. States Marine Lines, Inc. (1970), 398 U.S. 375, 403, 90 S.Ct. 1772, 1789, 26 L.Ed.2d 339, 358. Indeed, we have held that “stare decisis is a fundamental doctrine which reflects our concerns for stability, predictability and equal treatment...” Formicove, Inc. v. Burlington Northern, Inc. (1983), 207 Mont. 189, 194, 673 P.2d 469, 472 (citations omitted). In a case such as this, where the appellant has advanced no compelling rationale under which Robbins and § 46-20-701, MCA, should not be followed, I submit that the doctrine of stare decisis far outweighs any interest the Court may have in examining the “structural error” versus “trial error” questions which it has raised and upon which it resolves the present case.
¶84 Returning to the proper analysis of the present case, it is my view that Robbins is easily distinguishable. There, Robbins’ jury selection argument was premised on an assumption that persons the clerk was unable to contact by telephone were too poor to afford a telephone and no evidence to support such an assumption was presented. Robbins, ¶ 52. We held, as a result, that Robbins failed to demonstrate that the trial court’s denial of his motion to strike the jury panel resulted in “actual prejudice” affecting his substantial rights. Robbins, ¶ 53. In this latter regard, it is important to recognize that § 46-20-701, MCA, repeats the concept of error “affecting substantial rights” three times; it uses the term “prejudicial error” twice. Nowhere in the statute does the phrase “actual prejudice” appear and, to that extent, I would modify our holding in Robbins to strike the word “actual.”
¶85 Addressing the issue properly before us in this case, I would conclude that the evidence submitted by LaMere sufficiently established prejudicial error which affected his substantial rights. There *390 can be no doubt that the proper drawing of a jury panel, whether pursuant to statutory procedures or constitutional imperative, is a substantial right. Nor, in my view, is there doubt in this case that LaMere’s substantial right was prejudiced by the failure to substantially comply with the statutory procedures. Unlike in Robbins, LaMere presented statistics establishing significant disparity in telephone service to residents above and below the poverty line; the evidence also established that the disparity was significantly enhanced when the representative numbers of Anglo Americans and Native Americans in the community were factored in. Moreover, LaMere introduced a statistician’s affidavit opining, inter alia, that the telephonic summoning procedure used in Cascade County resulted in below-poverty households being seven times more likely to be excluded from jury participation.
¶86 I agree that LaMere’s evidence does not establish measurable or quantifiable prejudice. I do not believe, however, that § 46-20-701, MCA, requires evidence meeting such a standard in a jury selection case. I would conclude that LaMere’s evidence established sufficient prejudice to his substantial rights and would reverse the District Court on that basis.
JUSTICE REGNIER joins in the foregoing specially concurring opinion.
CHIEF JUSTICE TURNAGE joins in the specially concurring opinion of JUSTICE GRAY.